UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------
NECHAMA D. BOGOMILSKY
on behalf of herself and
all other similarly situated consumers

                                 Plaintiff,

                 -against-


SOURCE RECEIVABLES MANAGEMENT, LLC
AND LVNV FUNDING, LLC

                            Defendants.

--------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1.     Plaintiff Nechama D. Bogomilsky seeks redress for the illegal practices of Defendants Source Receivables Management, LLC ("SRM") and LVNV Funding, LLC ("LVNV"), concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2.     Plaintiff is a citizen of the State of New York who resides within this District.

3.     Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendants sought to collect from Plaintiff is a consumer debt.

4.     Upon information and belief, Defendant SRM's principal place of business is located in Greensboro, North Carolina.

5.     Upon information and belief, Defendant LVNV's principal place of business is located in Las Vegas, Nevada.

6.      Defendant LVNV is engaged in the business of purchasing allegedly defaulted debts originally owed to others and incurred for personal, family or household purposes.

7.      Defendant LVNV pays an average of less than ten cents on the dollar for the debts it purchases.

8.      Defendant LVNV then attempts to collect the purchased debts by filing suits on them.

9.      Defendant LVNV has been the Plaintiff in more than 3,000 collection lawsuits that have been pending in New York State during the year prior to the filing of this action.

10.     Defendant LVNV regularly uses the mails and telephones in the process of collecting the debts it purchases.

11.     As of the date of the collection letter, sent to the Plaintiff on February 18, 2021, LVNV was the "Current Account Owner" of the alleged debt.

12.     The said Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

13.     The said Defendants are considered "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

14.     This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

15.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

*Allegations Particular to Nechama D. Bogomilsky*

16.     Defendant LVNV hired Defendant SRM to collect the debt on its behalf.

17.     Defendant LVNV uses the instrumentality of interstate commerce as well as the mails in

        its business which the principal purpose of which is the collection of debts.

18.     Defendant LVNV regularly collects or attempts to collect, directly or indirectly, debts

        owed or due or asserted to be owed or due another.

19.     The principal purpose of Defendant LVNV's business is the purchase of defaulted

        consumer debts originally owed or due or alleged to be originally owed or due to others.

20.     Defendant LVNV purchased the Plaintiff's defaulted debt from Capital One, placed it with

        SRM, and sought to collect on it.

21.     Defendant LVNV uses the mail in purchasing defaulted consumer debts, usually at a

        significant discount to their face value, and then seeks to collect on such debts.

22.     Defendant LVNV directed, controlled and instructed SRM to use these specific collection

        letters when communicating with the Plaintiff.[1]

23.     Upon information and belief, on a date better known by Defendants, Defendants began to

        attempt to collect an alleged consumer debt from the Plaintiff.

24.     On or about February 18, 2021, Defendant SRM sent the Plaintiff a collection letter. (see

        attached Exhibit A)

25.     Shortly thereafter, the Plaintiff pulled her credit report with Experian whereupon she

        discovered the said account being reported by Defendant LVNV.

---

[1] Janetos v. Fulton Friedman & Gullace, LLP, No. 15-1859, 2016 U.S. App. LEXIS 6361, at *19 (7th Cir. Apr. 7, 2016). ("A debt collector should not be able to avoid liability for unlawful debt collection practices simply by contracting with another company to do what the law does not allow it to do itself. Like the Third Circuit, we think it is fair and consistent with the Act to require a debt collector who is independently obliged to comply with the Act to monitor the actions of those it enlists to collect debts on its behalf.")

26.    Under the "payment status" column, the Defendant LVNV stated in part: "Seriously past due date / assigned to attorney[.]"

27.    Defendant LVNV misrepresented the legal status of the alleged debt by furnishing the national credit bureaus with a statement, that the account had been "assigned to attorney."

28.    Such language is a misrepresentation that an attorney is involved in the collection of the Plaintiff's account in violation of 15 U.S.C. § 1692e(3), and a false threat of legal action in violation of 15 U.S.C. § 1692e(5).

29.    The vagueness of the said language adds to the misrepresentation.

30.    Moreover, the said language is misleading in a material way as the reference may have been "assigned to an attorney" instills angst in the unsophisticated debtor.

31.    As this account was not assigned to an attorney, the mention of attorney representation was knowingly false.

32.    Section 1692e(3) forbids "The false representation or implication that any individual is an attorney or that any communication is from an attorney."

33.    Section 1692e(5) forbids "The threat to take any action that cannot legally be taken or that is not intended to be taken."

34.    Defendant LVNV violated 15 U.S.C. §§ 1692e(2)(A), 1692e(3), 1692e(5), 1692e(8), 1692e(10) and 1692f(1) of the FDCPA for the false representation of the character, amount, or legal status of the debt, and for collecting on a debt which was not expressly authorized by the agreement creating the debt or permitted by law.

35.    Upon receiving the said February 18, 2021 letter from Defendant SRM, Plaintiff mailed a letter of her own to SRM, informing them that she was disputing the debt. (see attached Exhibit B)

36.    Plaintiff also mailed a letter to Defendant LVNV informing them that she was disputing the debt. (see attached Exhibit C)

37.    Section 1692g(b) of the FDCPA states that if a consumer notifies a debt collector in writing, within thirty (30) days after receipt of an initial communication from a debt collector that the debt is disputed, the debt collector must cease collection of the debt until the debt collector obtains verification and provides a copy of such varication to the consumer.

38.    Defendant SRM nevertheless continued to collect on the alleged debt and at no point did Plaintiff ever receive validation from either Defendants as a result of the Plaintiff's dispute.

39.    Defendants did not send the Plaintiff any verification but rather continued to collect on the said debt.

40.    The Plaintiff did in fact dispute the validity of the debt, but Defendants continued to attempt collection without ever obtaining and providing verification of the debt.

41.    The Defendants failed to cease communications to the Plaintiff regarding the alleged debt in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(c).

42.    The Defendants were each notified of the dispute in writing, yet failed to notate the dispute.

43.    Plaintiff had notified Defendants in writing within the thirty-day period described in the FDCPA that the debt was disputed. Defendants were obligated to cease collection of the debt, until they obtained and mailed Plaintiff verification.

44.    Upon reviewing her credit report on or about April 28, 2021, Plaintiff discovered that Defendant LVNV failed to report the debt as disputed with the national credit bureaus in

violation of 15 U.S.C. § 1692e(8). (see attached Exhibit D).

45.     Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendants.

46.     Plaintiff suffered actual harm by being the target of the Defendants' misleading debt collection communications.

47.     Defendants violated the Plaintiff's right not to be the target of misleading debt collection communications.

48.     Defendants violated the Plaintiff's right to a truthful and fair debt collection process.

49.     Defendants used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

50.     Defendants' communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendants' collection efforts.

51.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendants' false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

52.     These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

53.     As an actual and proximate result of the acts and omissions of the Defendants, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and

acute embarrassment for which she should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A CAUSE OF ACTION

***Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendants.***

54.   Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through fifty-three (53) as if set forth fully in this cause of action.

55.   This cause of action is brought on behalf of Plaintiff and the members of two class.

56.   Class A consists of all persons whom Defendants' records reflect resided in the State of New York who observed negative information that appeared on their credit report(s); (a) wherein Defendant LVNV had furnishing the national credit bureaus with a statement that the account had been assigned to an attorney; and (b) Defendant LVNV violated 15 U.S.C. §§ 1692e(2)(A), 1692e(3), 1692e(5), 1692e(8), and 1692e(10) of the FDCPA for the false representation of the character, amount, or legal status of the debt.

57.   Class B consists of all persons whom Defendants' records reflect resided in the State of New York and (a) who sent a letter to the Defendants disputing the debt and seeking verification thereof, within one year prior to the date of the within complaint up to the date of the filing of the complaint; (b) Defendants ignored the dispute letter and continued to collect on the debt; and (c) Defendants failed to send Plaintiff verification of the debt; and (d) the Defendants violated 15 U.S.C. §§ 1692c(b), 1692c(c), 1692d, 1692e, 1692e(10), 1692f, and 1692g(b).

58.   Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

      A.  The classes are so numerous that joinder of all members is impracticable.

B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendants violated the FDCPA.

C. The only individual issue is the identification of the consumers who received such collection letters and who detected such information on their credit reports, furnished by the Defendant to the credit bureaus (*i.e.,* the class members), a matter capable of ministerial determination from the records of Defendants.

D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

59. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

60.     If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

61.     Collection attempts, such as those made by the Defendants are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

62.     The Defendants' actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

63.     Because the Defendants violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in her favor and against the Defendants and award damages as follows:

A.  Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

B.  Attorney fees, litigation expenses and costs incurred in bringing this action; and

C.  Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
June 14, 2021


_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com


Plaintiff requests trial by jury on all issues so triable.


_____/s/ Adam J. Fishbein____
Adam J. Fishbein (AF-9508)

# EXHIBIT A



**Source RM**

4615 Dundas Drive, Suite 102
Greensboro, NC 27407
877-251-3771

Office Hours:
Mon - Tues 8:00AM - 9:00PM EST
Wed - Fri 8:00AM to 5:00PM EST

Street Address: Source RM • 4615 Dundas Drive, Suite 102 • Greensboro • NC • 27407

February 18, 2021

Dear Nechama D Bogomilsky:
LVNV FUNDING LLC has placed your account with Source Receivables Management to recover the Amount Due referenced in this letter.

Unless you notify us within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, we will assume the debt is valid. If you notify us in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, we will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of us in writing within 30 days after receiving this notice, we will provide you with the name and address of the original creditor, if different from the current creditor.

Source Receivables Management
877-251-3771

We are a debt collector attempting to collect a debt and any information obtained will be used for that purpose.

Please note that a negative credit bureau report reflecting on your credit record may be submitted to a credit reporting agency by the current account owner if you fail to fulfill the terms of your credit obligations. This notice in no way affects any rights you may have.

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: a) the use or threat of violence; b) the use of obscene or profane language; and c) repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

1. Supplemental security income, (SSI); 2. Social security; 3. Public assistance (welfare); 4. Spousal support, maintenance (alimony) or child support; 5. Unemployment benefits; 6. Disability benefits; 7. Workers' compensation benefits; 8. Public or private pensions; 9. Veterans' benefits; 10. Federal student loans, federal student grants, and federal work study funds; and 11. Ninety percent of your wages or salary earned in the last sixty days.

For questions regarding this account, please contact Ron Martin at Source Receivables Management: 877-251-3771.

| Account Summary | |
| --- | --- |
| *Original Creditor* | |
| Capital One Bank (USA) N.A. | |
| *Original Creditor Acct #* | |
| ******9109 | |
| *SRM Account #:* | |
| 22637583 | |
| *Account of* | |
| Nechama D Bogomilsky | |
| *Current Account Owner* | |
| LVNV FUNDING LLC | |
| *Original Charge Off Amount* | |
| $363.94 | |
| *Interest Since Charge Off* | |
| $0.00 | |
| *Charges & Fees Since Charge Off* | |
| $0.00 | |
| *Payments Since Charge Off* | |
| $0.00 | |
| *Amount Due:* | |
| $363.94 | |
| *Date of Default:* | |
| 08/20/19 | |



ACA
INTERNATIONAL

*TO ENSURE PROPER CREDIT TO YOUR ACCOUNT, PLEASE INCLUDE BOTTOM PORTION WITH YOUR PAYMENT.*

4615 Dundas Drive, Suite 102
Greensboro NC 27407

2

PHONE: 877-251-3771

IF PAYING BY VISA, OR MASTERCARD FILL OUT BELOW.

CHECK CARD USING FOR PAYMENT

☐ MasterCard     ☐ VISA

| CARD NUMBER | | AMOUNT | EXP DATE |
| --- | --- | --- | --- |
| CARD HOLDER NAME | | ACCOUNT NUMBER 22637583 | |
| SIGNATURE | | CURRENT BALANCE $363.94 | |

Source Receivables Management
P.O. Box 4068
Greensboro, NC  27404-4068

NECHAMA D BOGOMILSKY

2005KD
SRM.wfd
926364 00000128
1 of 2

## PRIVACY NOTICE

This Privacy Notice is being provided on behalf of each of the following related companies (collectively, the "Resurgent Companies"). It describes the general policy of the Resurgent Companies regarding the personal information of customers and former customers.

| | | |
|---|---|---|
| Resurgent Capital Services LP. | LVNV Funding, LLC | Ashley Funding Services LLC |
| Resurgent Acquisitions LLC | PYOD LLC | SFG REO, LLC |
| Resurgent Receivables LLC | Pinnacle Credit Services, LLC | CACV of Colorado, LLC |
| Resurgent Funding LLC | Sherman Originator LLC | Anson Street LLC |
| CACH, LLC | Sherman Originator III LLC | Sherman Acquisition L.L.C. |

**Information We May Collect.** The Resurgent Companies may collect the following personal information: (1) information that we receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, such as your income and payment history; (3) information that we receive from consumer reporting agencies, such as your creditworthiness and credit history, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings. All of the personal information that we collect is referred to in this notice as "collected information".

**Confidentiality and Security of Collected Information.** At the Resurgent Companies, we restrict access to collected information about you to individuals who need to know such collected information in order to perform certain services in connection with your account. We maintain physical safeguards (like restricted access), electronic safeguards (like encryption and password protection), and procedural safeguards (such as authentication procedures) to protect collected information about you.

**Sharing Collected Information with Affiliates** From time to time, the Resurgent Companies may share collected information about customers and former customers with each other in connection with administering and collecting accounts to the extent permitted under the Fair Debt Collection Practices Act or applicable state law.

**Sharing Collected Information with Third Parties** The Resurgent Companies do not share collected information about customers or former customers with third parties, except as permitted in connection with administering and collecting accounts under the Fair Debt Collections Practices Act and applicable state law.

# EXHIBIT B

February 26, 2021


ATTN Source RM
4615 Dundas Dr, suite 102
Greensboro, NC 27407

RE SRM Account No: ███████

I received a collection letter from you dated February 18, 2021 with the original creditor as Cap. One Bank.

I dispute this account.


Nechama D. Bogomilsky

██████████████

# EXHIBIT C

February 26, 2021

ATTN LVNV Funding LLC
PO Box 1269 Greenville, SC 29602

RE Account No: █████████████

I see an account on my credit report being reported by your company with the original creditor as Cap. One Bank.

I dispute this account.


Nechama D. Bogomilsky

█████████████

# EXHIBIT D



Prepared For **NECHAMA D. BOGOMILSKY**    Date generated: Apr 28, 2021

## Collection accounts

| | |
|---|---|
| ● LVNV FUNDING LLC | $363 |
| Original creditor: **CAPITAL ONE BANK USA N.A.** | Balance updated Apr 06, 2021 |

### 🗐 Account info

| | | | |
|---|---|---|---|
| Account name | **LVNV FUNDING LLC** | Balance | **$363** |
| Account number | **517805XXXXXXXXXX** | Balance updated | **Apr 06, 2021** |
| Original creditor | **CAPITAL ONE BANK USA N.A.** | Original balance | **$363** |
| Company sold | - | Paid off | **0%** |
| Account type | **Factoring Company** | Monthly payment | - |
| Date opened | **Feb 20, 2020** | Past due amount | **$363** |
| Account status | - | Terms | **1 Month** |
| Payment status | **Seriously past due date / assigned to attorney, collection agency, or credit grantor's internal collection department** | Responsibility | **Individual** |
| | | Your statement | - |
| Status updated | **Feb 2020** | | |

### ✉ Contact info

| | |
|---|---|
| Address | **PO BOX 1269 GREENVILLE, SC 29602** |
| Phone number | **(866) 464-1183** |

### 🗐 Comments

-